**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ALVIN BOSTICK, SR., ) | CASE NO. 5:14-CV-2539 |
| ) | |
| Petitioner, ) | JUDGE JEFFREY J. HELMICK |
| ) | |
| v. ) | MAGISTRATE JUDGE VECCHIARELLI |
| ) | |
| BRIAN COOK, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Respondent. ) | |

This 28 U.S.C. § 2254 petition is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the Court is the petition of Alvin Bostick, Sr. ("Bostick" or "Petitioner"), for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State of Ohio vs. Bostick*, Case No. CR-2010-11-3115 (Summit County Feb. 28, 2011). (Doc. No. 6-6.) For the following reasons, the magistrate judge recommends that the petition be DISMISSED with prejudice.

## I. Introduction

The state appellate court that affirmed Petitioner's conviction upon his first trial noted the following facts:

> {¶ 9} The victim and Mr. Bostick each testified to an entirely different sequence of events. The victim essentially testified that Mr. Bostick, without any provocation on her part, attacked the victim almost immediately after she returned home and continued to do so until she became unconscious. . . .
>
> {¶ 10} Mr. Bostick testified that he was living in the victim's house and that she was his girlfriend. However, he wanted to end the relationship, and, on the night of the incident, he had packed his suitcases and was planning to have his ex-wife pick him up so he could leave. Before he could do so, the victim arrived home. According to Mr. Bostick, she was drunk. The victim wanted to know what was going on and demanded that they sit down and talk. The victim was "cussing[ ]" and "acting really bad[.]" Mr. Bostick was not very interested in talking. At one point, he went into the kitchen, and the victim followed him and then threw a pan of water at Mr. Bostick. Subsequently, she sprayed Mr. Bostick in the eyes with an air freshener. While Mr. Bostick proceeded to use his cell phone, the victim went upstairs and got a .22 rifle. Mr. Bostick stated that, because the victim had pointed the rifle at him before, he had at some point prior removed the bullets. However, he could not be sure the rifle was not loaded as she had gone upstairs to retrieve it and, thus, she could have loaded it. Mr. Bostick testified that the victim sat in a chair near him, told him she was going to shoot him, and pulled the trigger. Mr. Bostick then threw something at the victim. He testified that he "flipped[ ]" and "saw red." The victim then pulled the trigger again and according to Mr. Bostick, the two started fighting. Mr. Bostick was trying to get the gun from the victim, and they were both hitting each other and rolling around on the ground. Mr. Bostick ultimately got the gun and proceeded to wipe it off and stuck it in a nearby closet. The victim threw something else at Mr. Bostick and Mr. Bostick "jumped on her[.]" While they were fighting, the victim kicked Mr. Bostick in the groin, which incapacitated him for a short period of time. They continued throwing things at each other, and, ultimately, Mr. Bostick threw a vodka bottle at the victim and hit her in her face. According to Mr. Bostick, "[s]he started bleeding, and then [he] sat down and she came at [him] again[.]" Mr. Bostick testified that "[s]he just wanted to fight." Mr. Bostick went into the kitchen and then called 911. The victim was taken to the hospital and remained in intensive care for several days. There is no dispute the victim suffered severe injuries during the altercation.

*State v. Bostick*, No. 25853, 2012-Ohio-5048, 2012 WL 5354990, at \*\*2-3 (Ohio Ct. App. Oct. 31, 2012).

## II.  State-Court Proceedings

### A.    Indictment and Guilty Plea

In November 2010, the State issued an indictment charging Bostick with one count each of felonious assault, with a repeat violent offender specification (Count One), domestic violence, a misdemeanor of the first degree (Count Two), and domestic violence, a misdemeanor of the fourth degree (Count Three).  (Doc. No. 6-4.)  Bostick entered a plea of not guilty.  (Doc. No. 6-3.)

### B.    Conviction

Bostick's jury trial was held in January 2011.  The jury found him guilty on all counts.  (Doc. No. 6-5.)  The trial court found him to be a repeat violent offender.  (*Id.*)  In February 2011, the trial court sentenced Bostick to a term of eight years' imprisonment for the felonious assault charge; an additional consecutive ten years' imprisonment on the repeat violent offender specification; six months' imprisonment for the first-degree misdemeanor domestic violence charge, plus thirty days' imprisonment for the fourth-degree misdemeanor domestic violence charge, to be served concurrently; and three years of post-release control.  (Doc. No. 6-6.)

### C.    Direct Appeal

Bostick, through new counsel, filed a timely notice of appeal.  (Doc. No. 6-7.)  In July 2011, the court dismissed his appeal pursuant to Rule 18(C) of the Ohio Rules of Appellate Procedure for failure to file an appellant brief.  (Doc. No. 6-9.)

3

In November 2011, Bostick, again through new counsel, filed an application for delayed reopening of his appeal under Ohio Appellate Rule 26(B). (Doc. No. 6-10.) The court granted Bostick's application in December 2011. (Doc. No. 6-12.) In his appellate brief, Bostick asserted the following one assignment of error:

> The trial court erred when it failed to instruct the jury on an offense of inferior degree of the indicted offense, to wit: aggravated assault.

(Doc. No. 6-11 at 4.)

In October 2012, the state appellate court sustained Bostick's assignment of error and remanded the case to the trial court for a new trial on the felonious assault charge. *Bostick*, 2012 WL 5354990, at *5. (Doc. No. 6-14.)

**D.     Second Trial**

Bostick was tried a second time in March 2013. The jury found him guilty of felonious assault, and the trial court found him to be a repeat violent offender. (Doc. No. 6-15.) The trial court re-imposed its sentence of consecutive terms of eight years' imprisonment for the felonious assault charge and ten years' imprisonment for the repeat violent offender specification, with three years of post-release control. (Doc. No. 6-22.)

**E.     Direct Appeal from Second Trial**

Bostick, through counsel, filed a timely notice of appeal. (Doc. No. 6-23.) In his appellate brief, he presented the following three assignments of error:

> 1.     The trial court erred to the prejudice of Appellant by overruling his first objection to the State's use of its peremptory challenge to exclude females and not following the procedure set forth in *Batson v. Kentucky* in violation of the Sixth and Fourteenth

> > Amendments to the United States Con-situation [*sic*] and Section 10, Article I of the Ohio Constitution.
>
> 2. The trial court erred to the prejudice of Appellant by overruling his second objection to the State's use of its peremptory challenge to exclude females and not following the procedure set forth in *Batson v. Kentucky* in violation of the Sixth and Fourteenth Amendments to the United States Con-situation [*sic*] and Section 10, Article I of the Ohio Constitution.
>
> 3. The trial court erred as a matter of law and to the prejudice of Appellant's right under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution by entering judgment of conviction and sentence upon him for being a repeat violent offender in the absence of a finding by the jury beyond a reasonable [doubt] that the Appellant had a prior conviction for an offense of violence.

(Doc. No. 6-25 at 5.)

In December 2013, the state appellate court affirmed the trial court's judgment. *State v. Bostick,* 6 N.E.3d 658, 664 (Ohio Ct. App. 2013).  (Doc. No. 6-27.)

In March 2014, Bostick filed a *pro se* notice of appeal and motion for leave to file a delayed appeal in the Ohio Supreme Court.  (Doc. Nos. 6-29, 6-30.)  In May 2014, the court denied Bostick's motion for a delayed appeal and dismissed the case.  (Doc. No. 6-31.)

**F.    State Post-Conviction Proceedings**

While his direct appeal from his second trial was pending, in August 2013, Bostick filed a *pro se* motion for a new trial due to newly discovered evidence.  (Doc. No. 6-32.)  In his motion, he set forth the following claim:

> Jury was not allowed to vote on my R.V.O. specification.  Did not waive.  Victim admitted during 2nd trial that she had son get rid of gun, she said did not exist at 1st trial.

5

(*Id.*)  The trial court denied the motion in December 2013, stating:

> This Court is without jurisdiction to rule on the pending motion as the Court of Appeals has exclusive jurisdiction to reverse, modify, or affirm the prior judgment of this Court . . .  The only exception is when a Motion for Post Conviction relief is timely filed pursuant to R.C. 2953.21(A)(2) and R.C. 2953.21©.

(Doc. No. 6-34 (citation omitted).)  Bostick did not appeal that judgment.

### III.  Proceedings in this Court

In November 2014, Petitioner, *pro se*, filed his § 2254 petition.  (Doc. No. 1.)  He asserted the following four grounds for relief:

> I.    My victim was drunk (proven by doctor) and pulled an illegal gun on me and pulled the trigger twice.
>
> II.   My clothes were packed and I was trying to leave. Search was never made for illegal gun.  Had she said I had a gun, the police would have searched our neighborhood for it.
>
> III.  During my first trial my victim denied having or pulling an illegal gun on me.  During my second trial, she admitted she called her son, while in I.C.U., so he could go get the gun.
>
> IV.   I was given the max on an R.V.O.  I did my time, and my parole, for past crimes.  I don't think I deserved the max.

(*Id.* at 1, 6, 8, 9.)

The State filed an answer/return of writ.  (Doc. No. 6.)  Bostick did not file a traverse.

### IV.  Procedural and Related Issues

**A.    Jurisdiction**

A state prisoner may file a § 2254 petition in "the district court for the district

6

wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Court of Common Pleas of Summit County, Ohio sentenced Petitioner. (Doc. No. 5-1, Ex. 7.) Summit County is within this Court's geographic jurisdiction. *See* 28 U.S.C. § 115(a). Accordingly, this Court has jurisdiction over Petitioner's § 2254 petition.

**B.     Exhaustion and Procedural Default**

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus. *See* 28 U.S.C. § 2254(b) and (c); *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. McMackin*, 935 F.2d 790, 793 (6th Cir. 1991). The exhaustion requirement is properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims. *See Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990). If any state procedures for relief remain available, the petitioner has not exhausted his state remedies, and, generally, a federal court must dismiss his petition. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Where, however, there are no longer any state court remedies still available to a petitioner with respect to a particular claim, this Court may deem that claim procedurally defaulted. *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) ("Because the exhaustion requirement 'refers only to remedies still available at the time of the federal petition,' *Engle v. Isaac,* 456 U.S. 107, 125, n.28 (1982), it is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law,' *Castille*[, 489 U.S. at 351].").

Generally, a federal court must decline to review "contentions of federal law . . .

7

not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). When a petitioner "has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

If the State argues that a petitioner has procedurally defaulted a claim, the Court must conduct a four-step analysis to determine whether the petitioner has indeed defaulted and, if so, whether the procedural default may be excused:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. . . . This question generally will involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims. . . . [Fourth, if] the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate . . . that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

### 1. Petitioner's First Through Third Grounds for Relief

Bostick's first through third grounds for relief present several factual assertions.

8

He claims that the victim in his case was drunk at the time of the incident, pointed a gun at him and pulled the trigger. (Doc. No. 1 at 5.) He also states that although the victim denied having a gun at his first trial, she admitted at the second trial that she possessed a gun and had asked her son to dispose of it after the assault. (*Id.* at 6, 8.) Bostick does not provide further factual analysis or any legal authority or argument supporting these claims in his petition, and he did not file a traverse.

Nevertheless, the Court construes these grounds to assert a claim that his conviction for felonious assault was not supported by sufficient evidence. The Due Process Clause of the Fourteenth Amendment requires a state to prove every element of a crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 315–16 (1979).

The State argues that Bostick's first three grounds are procedurally defaulted. (Doc. No. 6 at 15-17.) Bostick did not raise a sufficiency claim on direct appeal. He presented one of the factual assertions stated in his petition (his third ground for relief) to the trial court in a post-conviction motion for a new trial, stating: "Victim admitted during [second] trial that she had son get rid of gun, she said did not exist at [first] trial." (Doc. No. 6-32.) But the court dismissed the claim because it was not properly presented in a timely petition for post-conviction relief.[1] (Doc. No. 6-34.) Bostick did not appeal that judgment to the Ohio Supreme Court, and because he may no longer do so, it is procedurally defaulted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (A

---

[1] Even if Bostick had raised this claim in a post-conviction petition, as explained below, it most likely would have been denied on the basis of Ohio's *res judicata* rule, because it was based on the trial court record and could have been raised on direct appeal but was not.

federal habeas claim is fully exhausted if the petitioner gave state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."): *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996) ("Because the exhaustion requirement 'refers only to remedies still available at the time of the federal petition,' it is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law' . . . ." (internal citations omitted)).

Bostick's remaining sufficiency claims are similarly procedurally barred from habeas review.  Because the claims are based on evidence adduced at trial, Bostick could have raised them on direct appeal.  He failed to do so, however, and, under Ohio law, *res judicata* now prohibits him from raising them in any post-conviction proceeding. *See State v. Perry*, 10 Ohio St. 2d 175, 180 (Ohio 1967) (holding that *res judicata* bars a criminal defendant from raising in post-conviction proceedings those claims that could have been raised on direct appeal); *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007) (Ohio's *res judicata* doctrine is an adequate and independent state ground to procedurally bar claims asserted in federal habeas actions).  Thus, there are no longer any state-court remedies still available to Bostick with respect to these claims, and they are procedurally defaulted.  *See Gray,* 518 U.S. at 161–62.

Furthermore, Bostick does not offer any argument regarding either the cause for, or prejudice resulting from, his procedural default of these claims.  Nor does he contend that he is actually innocent to excuse his procedural default.  These claims are clearly

10

procedurally defaulted, and the Court will not review them on the merits.[2]

### 2. Petitioner's Fourth Ground for Relief

In his fourth ground for relief, Bostick complains that he "was given the max" on his repeat violent offender ("RVO") specification, which he did not "think [he] deserved . . . ." (Doc. No. 1 at 9.) Again, he provides no further factual or legal analysis. Nevertheless, the Court construes the claim to assert a trial court error in applying Ohio sentencing laws when it imposed the maximum term of ten years' imprisonment for the RVO specification.

The State argues that this claim, too, is procedurally defaulted. (Doc. No. 6 at 15-17.) Bostick raised a claim on direct appeal and in his motion for a new trial that the trial court violated his constitutional rights by determining he was a repeat violent offender without a jury finding on the issue. (Doc. No. 6-25 at 5; Doc. No. 6-32.) His

---

[2] Even if these claims were ripe for federal habeas review, they would fail. In considering habeas claims of sufficiency of the evidence, courts examine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). Here, the State offered substantial evidence at Bostick's second trial supporting the felonious assault charge and repeat violent offender specification. The victim's account of Bostick's brutal and unprovoked assault was corroborated by a neighbor and the police. They testified that they heard Bostick yelling at the victim and sounds of a serious altercation taking place inside her apartment, but they heard nothing from her. (*See* Doc. No. 6-17 at 41-44, 86-100; Doc. No. 6-18 at 85-88.) A police officer testified that Bostick admitted when they arrived at the apartment that "[w]e had a fight. She lost." (Doc. No. 6-18 at 89.) He also said, "She's probably dead." (*Id.* at 91-92.) The victim and her doctor described her life-threatening injuries. (*See, e.g.*, *id.* at 51-56.) Finally, the trial court noted that Bostick previously had been convicted of a first degree felony for aggravated robbery. (Doc. No. 6-20 at 86-92.) Bostick's habeas claims assert facts supporting his defense that he was provoked into attacking the victim when she pointed a gun at him and fired it. But these are issues of credibility, not sufficiency of the evidence. Bostick presented this defense when he testified at trial. (*See* Doc. No. 19 at 116-22.)

claim relating to the RVO in this Court, however, is different.  Here, he complains about the term of the RVO sentence, rather than the trial court's role in finding him an RVO. Bostick never raised this claim in state court.  This claim was never presented to state courts.  *See Hicks v. Straub*, 377 F.3d 538, 552 (6th Cir. 2004) (habeas petitioner must present to the state courts "both the factual and legal basis for his claim," as well as "the same claim under the same theory" (internal quotation marks omitted)).

This claim, therefore, is procedurally defaulted for the same reasons discussed above with regard to Bostick's other claims.  Bostick never presented it to state courts and now is precluded from doing so.  Moreover, Bostick does not argue that the claim's procedural bar should be excused based on a showing of cause and prejudice or actual innocence.  Furthermore, as will be discussed below, the claim fails for the additional reason that it is not cognizable on federal habeas review.

**C.     Cognizability**

The State argues that Bostick's fourth ground for relief pertaining to the RVO sentence is not cognizable on federal habeas review because it is based on an error of state law.  (Doc. No. 6 at 25-29.)  The Court agrees.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241). *See also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *Engle v. Isaac,* 456 U.S. 107, 121 n.21 (1982) ("We have long recognized that a 'mere error of state law' is not a denial of due

12

process." (citation omitted)).

Thus, challenges to a state court's interpretation and application of state sentencing laws generally are not cognizable in federal habeas corpus. *See, e.g., Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000); *Kipen v. Renico*, 65 Fed. Appx. 958, 959 (6th Cir. 2003). This includes the length of a petitioner's sentence, which typically is not cognizable in habeas unless it exceeded the statutory maximum for his crime. *See, e.g., Hutto v. Davis,* 454 U.S. 370, 373–74 (1982) ("[F]or crimes concededly classified and classifiable as felonies, ... the length of the sentence actually imposed is purely a matter of legislative prerogative." (citation omitted)); *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000) ( "As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining 'the type and extent of punishment for convicted defendants.'" (quoting *Williams v. New York*, 337 U.S. 241, 245 (1949))); *Dukes v. Jenkins,* No. 1:15 CV 545, 2015 WL 4624247, at *10 (S.D. Ohio July 31, 2015) ("Violations of state sentencing law are not cognizable in federal habeas corpus unless the state court exceeds the maximum sentences that state law provides, which is not the case here.") Moreover, abuse of discretion by a state court judge does not violate the federal constitutional law. *See Sinistaj v. Burt*, 66 F.3d 804, 808 (6th Cir. 1995).

In this case, the trial court was entirely within its discretion in imposing the maximum sentence permitted under Ohio law for the RVO specification. The sentence was within the statutory range and no greater than the maximum punishment authorized. Accordingly, in addition to being procedurally defaulted, Bostick's fourth ground for relief is not cognizable on federal habeas review.

13

### VI. Conclusion.

For the reasons given above, the petition should be dismissed with prejudice.

Date: March 25, 2016	/s/ Nancy A. Vecchiarelli
United States Magistrate Judge

### **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied,* 474 U.S. 1111.