UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Alvin Bostick,                                              Case No.  5:14 cv 2539

          Petitioner

     v.                                                          ORDER  AND

                                                        JUDGMENT ENTRY

Hocking Correctional Facility,

          Respondent,

**I. BRIEF BACKGROUND**

On March 25, 2016 Magistrate Judge Vecchiarelli recommended the petition for writ of habeas corpus be dismissed with prejudice. (Doc. No. 8).  Having received no objection to the Magistrate Judge's Report and Recommendation, on June 21, 2016, I adopted the R & R in its entirety and dismissed the petition.  At that time I also noted the failure to object waived appellate review and declined to issue a certificate of appealability.  (Doc. Nos. 9 and 10).

This matter is before me on *pro se* Petitioner's letter (Doc. No. 11) received on July 18, 2016 as well as a subsequent sworn declaration (Doc. No. 12) received August 4, 2016.

**II. DISCUSSION**

Petitioner's letter reflects he tried to mail his objections through the institution but his efforts were thwarted due to a lack of funds in his account.  He then placed his response in a regular envelope with regular postage but it was never received by the Court.  In March, Petitioner was transferred to a different institution and lost all of his legal work.

Less than three weeks later, Petitioner sent a sworn declaration to the Court reiterating his earlier submission and formally noting his objection to the R & R.

The Court may reconsider an issue to prevent a manifest injustice. *Intera Corp v. Henderson*, 428 F.3d 605, 621 (6th Cir. 2005) (citation omitted). Reconsideration of the issue, however, does not ensure a different outcome.

A general objection to a magistrate's report and recommendation which fails to specify the issues of contention does not satisfy the requirement. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). So long as a party was properly informed of the consequences of failing to object, a general objection constitutes waiver of the subsequent review by the district court.

In this case, the objection as stated in the sworn affirmation states: "I object to Judge Vecchiarelllis' report and recommendation." (Doc. No. 12). This statement, without more, is insufficient as it constitutes a general objection.

### III. CONCLUSION

Having reconsidered the Petitioner's objection, I find it is a general objection and without merit. Accordingly, I adopt the Report and Recommendation (Doc. No. 8) in its entirety as the Order of the Court. Bostick's Petition for a Writ of Habeas Corpus under 28.U.S.C. § 2254 is dismissed.

In addition, I also decline to issue a certificate of appealability.

Finally, the Clerk is instructed to correct the docket to reflect Petitioner's current address which is as follows:

Alvin Bostick
600-572
5900 BIS Rd. SW
Lancaster, Ohio  43130

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge